IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON D. BRADLEY, SR.,

                              Plaintiff,

        v.                                                      ORDER

SERGEANT ROSS, NURSE DOE,                                21-cv-467-jdp
DRS. JANE AND JOHN DOE,
and DOE DEPUTIES,

                              Defendants.

---

Plaintiff Brandon D. Bradley, Sr., who is also known as Brittney Bradley, is currently a prisoner at Green Bay Correctional Institution. Bradley contends that staff at the Dane County Jail tethered her to a restraint chair so tightly that it injured her and that medical staff failed to adequately treat her injuries from the restraints. I granted her leave to proceed on constitutional and state-law negligence claims against the defendants involved in those incidents.

Bradley has filed several submissions that I will address in this order. Most of them are related to her obligations to conduct discovery to ascertain the identities of the "John Doe" officers, nurse, and doctors against whom she is proceeding. Bradley filed a motion to compel discovery from defendants regarding the identities of the Doe defendants, Dkt. 35, and a motion for extension of time to file her amended complaint, Dkt. 39. Defendants responded by stating that their discovery responses were delayed by their attempts to obtain video and recorded phone calls requested by Bradley, but that they indeed responded to her requests. Bradley ultimately filed two documents naming the Doe defendants, Dkts. 43 and 45, so the

motion to compel is moot. I will grant Bradley's motion for extension of time and accept her documents naming the Does.

Bradley says that her second list of Does overrides the first, and counsel for the county have filed an answer using Bradley's second list, so I will ignore Dkt. 43 and consider Dkt. 45 to be a supplement to her original complaint. But there are still two problems with Bradley's list of defendants.

First, Bradley names "Nurse Tammy" as the Doe nurse, but counsel for defendants have not accepted service over her. Perhaps this is because "Nurse Tammy" is not specific enough to identify her or perhaps attorneys for the county simply have not agreed to represent this party. Second, I granted Bradley leave to proceed against Doe doctors, but it does not appear that any of the people in Bradley's second list of Doe defendants are doctors. She did include a "Dr. Syed" in her first list of defendants but removed Syed from the second list, and she does not explain whether she still wishes to bring claims against Doe doctors. I will direct the parties to respond to the court about these issues so that the parties and the court can come to agreement on the correct claims and defendants in this lawsuit.

Bradley has filed a motion for permission to efile her signed forms granting defendants access to her medical records, Dkt. 35, and she followed by submitting those documents. Dkts. 44-1 and 44-2. Defendants do not object so I will grant Bradley's motion.

Bradley has also filed motions for the court to recruit her counsel, stating that she does not have the funds to represent herself after the Department of Corrections confiscated funds she was awarded in a settlement in another lawsuit, and that DOC staff have taken some of her property and legal files.

To show that it is appropriate for the court to recruit counsel, a plaintiff must meet three requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). First, Bradley must show that she is unable to afford counsel. The financial information that she has submitted earlier is sufficient to meet this requirement.

Second, a plaintiff must show that she has made reasonable efforts to locate an attorney on her own. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). This court ordinarily requires a plaintiff to contact at least three attorneys before seeking help from the court. Bradley states that she has contacted several LGBT organizations but that she does not have access to those rejection letters. It is unclear to me whether these organizations have the capability to represent a prisoner in a civil rights lawsuit the way a law firm would.

But even assuming that Bradley's contacts with these organizations satisfy the requirement, her motions would fail on the third part of the analysis: this court recruits counsel for a pro se litigant only when the litigant demonstrates that her case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds her ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007) (en banc). It is far too early to tell whether this case will boil down to issues too complex for Bradley to handle. And Bradley's efforts in her various other cases in this court suggests that she will be able to litigate this one. She states that the DOC has confiscated her funds, but indigent inmates are routinely able to litigate cases in this court, and a claim about confiscation of her money does not belong in this lawsuit. Bradley remains free to explain more specifically how access to her legal materials has hindered her ability to litigate tasks concerning this lawsuit,

and if necessary I will have the DOC respond. But at this point there isn't reason to recruit counsel for her, so I will deny her motions without prejudice.

## ORDER

IT IS ORDERED that:

1. Plaintiff Brandon D. Bradley's motion to compel discovery, Dkt. 35, is DENIED as moot.

2. Plaintiff's motion for extension of time, Dkt. 39, is GRANTED.

3. Plaintiff may have until December 19, 2022, to respond to this order regarding the identities of Nurse Tammy and the Doe doctors as discussed above. Defendants may have until January 9, 2023, to respond.

4. Plaintiff's motion for permission to efile her medical-record authorizations, Dkt. 35, is GRANTED.

5. Plaintiff's motions for the court's assistance in recruiting her counsel, Dkts. 34 and 38, are DENIED without prejudice.

Entered December 5, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge