IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON D. BRADLEY, SR.,

                Plaintiff,

   v.

SERGEANT ROSS, JOSHUA COYNE,
CASEY RINDFLEISCH, DEPUTY SEXTON,          ORDER
NATHANIEL NEWBERRY, BEN GULDEN,
STEVEN COLBROOK, HAVEN CRECELIUS,         21-cv-467-jdp
HENRY CHESMORE, JOE CUTA,
TAMMY COLLINS, SALAM SYED,
and YASMIN YUSEF,

                Defendants.

---

Plaintiff Brandon D. Bradley, Sr., who is also known as Brittney Bradley, is currently a prisoner at Green Bay Correctional Institution. Bradley contends that staff at the Dane County Jail tethered her to a restraint chair so tightly that it injured her and that medical staff failed to adequately treat her injuries from the restraints. I granted her leave to proceed on constitutional and state-law negligence claims against the defendants involved in those incidents. I will address several filings by Bradley in this order.

A. **Interlocutory appeal**

Bradley has filed a notice of appeal because the court has "allow[ed]" defendants to file a motion for summary judgment even though she had pending filings amending her complaint to identify the John and Jane Doe defendants and alleging discovery misconduct by defendants; Bradley says that they provided her copies of surveillance footage that doesn't work on prison computers. Dkt. 79. Bradley also seeks leave to proceed in forma pauperis on appeal. Dkt. 87.

Bradley appears to be appealing the court's decision to set briefing on the summary judgment motion rather than striking it sua sponte. Because Bradley seeks to appeal a non-final decision, I must decide whether to certify the appeal under 28 U.S.C. § 1292(b). Specifically, a district court may not certify a nonfinal order for an interlocutory appeal unless: (1) "there is substantial ground for difference of opinion" as to the correctness of the order being appealed; and (2) an immediate appeal "may materially advance the ultimate termination of the litigation." I will not certify Bradley's appeal because her appeal will not materially advance the ultimate termination of this litigation. If anything, an appeal will serve only to delay proceedings. Bradley was not prejudiced by the briefing schedule: defendants moved for summary judgment only on behalf of defendants that had already been identified, and in any event the court has already stayed briefing on the summary judgment motion while it seeks a response from defendants regarding the video-quality issue that Bradley raised in a separate motion to compel discovery. *See* Dkt. 89.

I will also deny Bradley's request to proceed in forma pauperis on appeal because she has "struck out" under 28 U.S.C. § 1915(g). *See Bradley v. Marchezki*, No. 20-cv-1031-jdp, 2022 WL 174366, at *1 (W.D. Wis. Jan. 12, 2022) (discussing Bradley's three-strike status). That means that she cannot obtain indigent status under § 1915 in any lawsuit or appeal she files during the period of her incarceration, except for instances in which she alleges that she is in imminent danger of serious physical injury at the time she filed the lawsuit or appeal. Bradley's current interlocutory appeal does not meet this standard. That means that Bradley cannot proceed with her appeal without prepaying the $505 filing fee, unless the court of appeals gives her permission to do so. Under Federal Rule of Appellate Procedure 24, Bradley

has 30 days from the date of this order in which to ask the court of appeals to review the denial of leave to proceed in forma pauperis on appeal.

B.  **Legal loan and "motion for guidance"**

Bradley has filed a motion asking the court to order prison officials to allow her to use her 2023 legal loan for copies and mailing supplies. Dkt. 55. She has also filed a document she calls a "motion for guidance," Dkt. 63, stating that prison officials have subjected her to "random and malicious" searches of her property, including legal materials, for drugs.

I would intervene in the prison's administration of legal loan and mail matters only in the rarest circumstance in which a plaintiff could show that prison officials were blocking an inmate's access to the court. But Bradley does not show that here. Bradley does not explain whether she has made her request about her legal loan to prison officials or filed an inmate grievance about it. And she has been able to file numerous documents in this case and several others. I will deny Bradley's motion about her legal loan.

As for the searches of her property, Bradley seems mostly concerned that prison officials are interfering in her ongoing criminal appeals, not this civil case. She does not suggest that she has lost any of her property that she needs for this case or otherwise show that it would be appropriate for this court to take the rare step of intervening in prison officials' security measures. Because I am not ordering any relief for Bradley regarding prison officials' searches, I will deny her motion.

C.  **Motion for hearing and writ of habeas corpus ad testificandum**

Bradley has filed a proposed order granting a writ of habeas corpus ad testificandum for her to appear in this court for an evidentiary hearing about discovery abuses and other misconduct by defendants. I construe this filing as including a motion for leave to hold a

3

hearing about the issues raised in that filing, and I will deny it. The court has addressed some of Bradley's various discovery- and misconduct-related motions in previous orders and in this one. Otherwise her motion is conclusory and does not provide an adequate basis for court intervention. Bradley does state that she did not receive part of defendants' summary judgment materials. I will direct the clerk of court to send Bradley another copy of those materials.

Bradley should be aware that she does not need to file a proposed writ to appear at trial or other pretrial proceedings. If the court holds any in-person proceedings in this case it will issue the appropriate writ.

ORDER

IT IS ORDERED that:

1. Plaintiff Brandon D. Bradley's request for the court to certify that an interlocutory appeal may be taken, Dkt. 79, is DENIED.

2. Plaintiff's motion to proceed in forma pauperis on appeal, Dkt. 87, is DENIED.

3. Plaintiff's motion for a court order regarding her DOC legal loan, Dkt. 55, is DENIED.

4. Plaintiff's motion for guidance, Dkt. 63, is DENIED.

5. Plaintiff's motion for hearing and writ of habeas corpus ad testificandum, Dkt. 86, is DENIED.

6. The clerk of court is directed to send plaintiff another copy of defendants' summary judgment materials, Dkts. 67–75.

Entered April 20, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge