IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON D. BRADLEY, SR.,

                Plaintiff,

  v.

SERGEANT ROSS, JOSHUA COYNE,
CASEY RINDFLEISCH, DEPUTY SEXTON,
NATHANIEL NEWBERRY, BEN GULDEN,
STEVEN COLBROOK, HAVEN CRECELIUS,
HENRY CHESMORE, JOE CUTA,
TAMMY COLLINS, SALAM SYED,
and YASMIN YUSEF,

                Defendants.

ORDER

21-cv-467-jdp

---

Plaintiff Brandon D. Bradley, Sr., is currently incarcerated at Columbia Correctional Institution (CCI). Bradley alleges that staff at the Dane County Jail tethered him to a restraint chair so tightly that it injured him and that medical staff failed to adequately treat his injuries from the restraints.

I stayed this case after receiving notice of bankruptcy proceedings involving Wellpath, LLC, which employed three of the defendants who worked as medical staff at the jail (who I have referred to as the "medical defendants"). *See* Dkt. 204; *see also In re Wellpath Holdings, Inc.*, No. 24-90533 (Bankr. S.D. Tex.). I directed the medical defendants to update the court on the status of the bankruptcy; they submitted bankruptcy court filings showing that Wellpath's Chapter 11 Reorganization Plan released current and former Wellpath employees from liability for any claim filed against them before November 11, 2024, unless a claimant opted out of the plan. Dkt 207-2. They followed with a filing stating that Bradley had indeed opted out of the

release and that the stay in the case could therefore be lifted. Dkt. 215. Accordingly, I will lift the stay.

Bradley filed what he calls complaints under the Bankruptcy Code objecting to potential discharge of his claims and asking to lift the stay. Dkt. 208 and Dkt. 211. Because I am already lifting the stay I will deny those motions as moot.

I will assume that the parties wish to renew their pending motions that I dismissed without prejudice at the time that the case was stayed. But before I consider those motions, there was another matter outstanding at the time that the case was stayed: Bradley continues to state that he is unable to view video footage of his cell extraction that the county defendants turned over in discovery and have submitted to the court. I directed the county defendants to report about their efforts to ensure that CCI has the relevant video footage playable on prison computers and that Bradley has been given an opportunity to view it. Dkt. 187. The county defendants' most recent report stated that (1) CCI staff informed them that the flash drive they submitted would play only audio from the incident; and (2) counsel would contact CCI staff to ensure they worked with DOC technical support to make the videos viewable. Dkt. 191. I'll give the county defendants a short deadline to confirm that they have hashed out this problem with CCI staff before I set a final deadline for Bradley to submit supplemental proposed findings of fact after viewing the video footage.

ORDER

IT IS ORDERED that:

1. The stay previously entered in this case is LIFTED.
2. Plaintiff's motions at Dkt. 208 and Dkt. 211 are DENIED as moot.

3. The county defendants may have until February 6, 2026, to report to plaintiff and the court their efforts to ensure that CCI has the relevant video footage playable on prison computers and that Bradley has been given an opportunity to view it.

Entered January 23, 2026.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge