IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON D. BRADLEY, SR.,

Plaintiff,

v.

SERGEANT ROSS, JOSHUA COYNE,
CASEY RINDFLEISCH, DEPUTY SEXTON,
NATHANIEL NEWBERRY, BEN GULDEN,
STEVEN COLBROOK, HAVEN CRECELIUS,
HENRY CHESMORE, JOE CUTA,
TAMMY COLLINS, SALAM SYED,
and YASMIN YUSEF,

Defendants.

ORDER

21-cv-467-jdp

---

Plaintiff Brandon D. Bradley, Sr., is currently incarcerated at Columbia Correctional Institution. Bradley alleges that staff at the Dane County Jail tethered him to a restraint chair so tightly that it injured him and that medical staff failed to adequately treat his injuries from the restraints.

After lifting the bankruptcy-related stay in the case, I stated that I assumed that defendants wished to renew their dispositive motions that I had dismissed without prejudice pending resolution of the stay. Dkt. 217. But I noted that there was an issue still to be resolved before those motions were fully briefed: Bradley continued to state that he was unable to view video footage of his cell extraction that the county defendants turned over in discovery and submitted to the court. I directed the county defendants to confirm that they worked with the DOC to resolve the technical problems with playing the video for Bradley, so that he could submit supplemental proposed findings of fact pertaining to the medical defendants' summary judgment motion after having seen the footage. *Id.*

The county defendants have responded, stating that the video-playback issues were resolved and that Bradley was shown the video footage. Dkt. 218. Defendants jointly confirm that they wish to renew their dispositive motions, Dkt. 220, and they ask for a new briefing schedule to be set on the medical defendants' summary judgment motion, Dkt. 224.

Bradley responds with a series of submissions contending that opposing counsel has intentionally restricted him from viewing the video footage and then doctored the footage to remove portions that he believes are favorable to him, switched the footage out for a new version altogether, or showed him only three videos even though the court has been provided with four. He seeks to sanction defendants in a variety of ways, including entry of default judgment against them. He also asks to voluntarily dismiss the case without prejudice, which I don't take to be a request to abandon the lawsuit but rather to give him more time to investigate the missing video or for the court to hold a hearing of the alleged tampering. Dkt. 221; Dkt. 222; Dkt. 225.

I will deny all of Bradley's motions. Nothing in his submissions shows that defendants or their counsel have intentionally impeded Bradley's access to the video footage or doctored it. I have viewed copies of the footage and they do not appear to have been tampered with. His bare statement that the videos have been tampered with is not sufficient to reason to hold a hearing about the authenticity of the video. I also note that Bradley is incorrect when he states that the court has received four videos and he has been allowed to view only three. This court has received only three videos, Dkt. 72-2; Dkt. 72-3; Dkt. 72-4, which means that Bradley has seen all of the relevant footage.

At this point, Bradley has two choices: he can (1) submit supplemental proposed findings of fact pertaining to the medical defendants' summary judgment motion now that he

has seen the videos; or (2) voluntarily dismiss the case, with that dismissal being with prejudice, meaning that he would not be able to bring this lawsuit again. I will set a new summary judgment briefing schedule in the order below. Should Bradley not submit a response by his deadline set below, I will consider defendants' dispositive motions based on the filings received thus far.

## ORDER

IT IS ORDERED that:

1. Plaintiff's motions for sanctions and to voluntarily dismiss the case without prejudice, Dkt. 221; Dkt. 222; Dkt. 225, are DENIED.

2. Defendants' motion to set a briefing schedule on the medical defendants' motion for summary judgment, Dkt. 224, is GRANTED.

3. Plaintiff may have until June 2, 2026, to submit supplemental proposed findings of fact pertaining to the medical defendants' summary judgment motion. The medical defendants may have until June 12, 2026, to file supplemental reply materials.

Entered May 12, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge